STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal Stuart L.     }
Richards             }
                   } Docket No. 236-12-99 Vtec
                   }
                   }

Decision and Order on Motion for Reconsideration

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Norwich, granting a permit to Paul Nowicki for the construction of a single-family residence with an innovative sewage disposal system. Appellant is represented by John D. Hansen, Esq.; Appellee-Applicant Paul Nowicki is represented by Laura O' Connor, Esq. and John C. Candon, Esq.; the Town of Norwich is now represented by Gary R. Wieland, Esq.,who entered his appearance after the Court' s December 29, 2000 decision on the merits of this matter. Sixteen neighbors also entered their appearance individually as interested parties in opposition to the grant of the permit.

The sole question in the present appeal was whether Appellee-Applicant' s innovative sewage disposal system[1] will violate the performance standards of § 6.1 of the Norwich Zoning Regulations, which require that " there shall be no objectionable odors," defined in § 5.24 as " odors which because of persistence or character would be considered offensive in a particular location by a reasonable person." The Court concluded that no offensive odor under this definition was likely to result from the operation of this system, examining each component of the system in turn.

The December 2000 decision made findings regarding the site work involved in the construction of the house, which findings Appellant argues are inconsistent with one another. Appellant moved the Court either to alter its decision or for a new trial at which this apparent discrepancy can be resolved.

The Court has reviewed its findings and the evidence, and concludes that any apparent inconsistency in the findings regarding whether the foundation was excavated or set below the surface of the ground was due to the difficulty in describing in words, rather than by a diagram, the way in which the concrete slab house foundation was constructed. Accordingly, the Motion to Alter the Decision or for New Trial is DENIED in that we do not change the decision. However, for the sake of clarity we will augment the written decision with the following two diagrams, not to scale, added as endnotes to the decision as follows:

From first full paragraph on page 2:

The house has been constructed on a slab on a terrace midway down the slope of Parcel 2. A stone wall and steps form the downhill edge of the terrace, a portion of which was filled above

the native soil. The uphill edge of the terrace was excavated several feet into the existing hillside, the concrete foundation of the building was constructed on the slab, and the hillside was backfilled against the uphill side of the house foundation. **See diagram at Endnote 1.**

**From first (continued) paragraph on page 4:**

**However, that conclusion was based on the erroneous assumption that the foundation was excavated into the existing ground level. See diagram at Endnote 2. In fact, the ground was raised at the downslope side of the house to create the flat terrace, prior to the pouring of the slab and the pouring of the rear concrete wall, and the material excavated behind the rear wall was backfilled and replaced. See diagram at Endnote 1.**

**Based on the foregoing, Appellant′s Motion to Alter and Appellant′s Motion for a New Trial are hereby DENIED.**

**Done at Barre, Vermont, this 10th day of May, 2001.**

_____
**Merideth Wright
Environmental Judge**

**Footnotes**

[1.]    **This system has been approved in other proceedings; its approval is not at issue in the present appeal.**

**Endnote 1.**

**Endnote 2.**